UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MIKAYLA EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24–cv–00106–JRG–CRW |
| | ) | |
| JOHNSON CITY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GOVERNING DEPOSITIONS

This Order Governing Depositions sets forth procedures that must be adhered to during depositions conducted in connection with actions filed in this Court.

1. Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

2. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more.

3. Counsel and their witness–clients shall not engage in private, off–the–record conferences while the deposition is proceeding in session, except for the purpose of deciding whether to assert a privilege. Counsel may confer with their clients during midmorning, lunch, midafternoon, or overnight breaks in the deposition. However, counsel for a deponent may not request such a break while a question is pending or while there continues a line of questioning that may be completed within a reasonable time preceding such scheduled breaks.

4. Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

IT IS SO ORDERED.

                 s/J Ronnie Greer
                 UNITED STATES DISTRICT JUDGE