UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MIKAYLA EVANS,<br>Plaintiff,<br><br>v.<br><br>JOHNSON CITY, a government entity,<br><br>KARL TURNER, individually and in his official Capacity as Chief of Johnson City Police Department,<br><br>KEVIN PETERS, individually and in his official Capacity as Captain of the Johnson City Police Department,<br><br>TOMA SPARKS, individually and in his official Capacity as Investigator of the Johnson City Police Department,<br><br>JUSTIN JENKINS, individually and in his official Capacity as Investigator of the Johnson City Police Department,<br><br>JEFF LEGAULT, individually and in his official Capacity as Investigator of the Johnson City Police Department,<br><br>BRADY HIGGINS, individually and in his official Capacity as Investigator of the Johnson City Police Department, and<br><br>DOES 8–20, inclusive,<br>Defendants. | ) | No. 2:24-cv-00106-JRG-CRW |

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT BY DANT KEVIN PETERS**

Comes now Defendant Kevin Peters, in his individual capacity, by and through counsel, and respectfully moves this Court to dismiss Plaintiff's Second Amended Complaint (Doc. 50) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In his official capacity, claims against Kevin Peters are redundant with the City of Johnson City,

and these claims should be dismissed as well. *See J.H. v. Williamson Cnty., Tenn*., 951 F.3d 709, 723 n. 4 (6th Cir. 2020); *Vittetoe v. Blount Cnty., Tenn*., 861 Fed. App'x. 843, 851 (6th Cir. 2021).

The Plaintiff's Second Amended Complaint is fatally deficient. Plaintiff has failed to support her claims with sufficient factual allegations to state a plausible claim for relief against Captain Peters. The only actual factual allegations as to Captain Peters, (Doc. 50 at ¶¶ 132–33, and repeated at ¶¶ 250–51), are specifically the exact same allegations that Judge McDonough found legally insufficient in the related case *B.P., H.A., and S.H. v. City of Johnson City, et al*, 2:23-cv-71, (hereinafter the "*Does* case") when Judge McDonough dismissed the case against Defendant Peters on Rule 12. (Doc. 301, Case No. 2:23-cv-71).

Instead, after the original complaint contained barely any reference to Captain Peters, and Plaintiffs were advised of the *Does* dismissal of Peters, Plaintiff has filed multiple Amended Complaints that is no better. The Second Amended Complaint is as deficient as the first, but is now adorned with conclusory allegations of wrongdoing made only upon "information and belief' without any supporting facts. This Court and the Sixth Circuit have made clear that these kinds of conclusory allegations will not meet the plausibility standard. Sixth Circuit caselaw is clear that a plaintiff's belief that something is true does not make it plausible as required by *Twombly* and *Iqbal*. *See e.g., Horn-Brichetto v. Ruppe*, 2019 WL 13438319, at *3 (E.D. Tenn. 2019) (Greer, J.); *Smith v. General Motors LLC*, 988 F.3d 873, 885 (6th Cir. 2021); *16630 Southfield Ltd. P'Ship v. Flagstar Bank F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013).

Because Plaintiff has no facts to support her allegations other than her own personal speculation and belief, the outrageous allegations of bribery and intentional misconduct directed at Captain Peters are insufficient and cannot be accepted as true when evaluating the sufficiency of the Second Amended Complaint.

Aside from the unsupported "information and belief" allegations, Plaintiff utilizes improper "group pleading" to lump all Defendants in together rather than specifying the particular conduct of each Defendant. This likewise makes the Second Amended Complaint deficient as a matter of law. The only substantive, non-conclusory allegations directed at Captain Peters are that he made off-color comments about victims' clothing and appearances, which, even if true, does not state a claim for anything. Because the Second Amended Complaint does not contain sufficient allegations against Captain Peters to state a claim for relief under any theory of law, all claims against him are due to be dismissed. This is inclusive of Counts I–VI.

Separately and additionally, Plaintiff's equal protection claim fails as a matter of law because Plaintiff has not plausibly alleged with non-conclusory factual allegations that any of the Defendants engaged in intentional sex discrimination. Trying to dodge Judge McDonough's ruling in the Does case, Plaintiff overcorrected in the First Amended Complaint, alleging only that Defendants' conduct was motivated by personal financial interest, not purposeful invidious discrimination on the basis of sex, which is required to state a claim. In this iteration of the Complaint, Plaintiff now alleges that the motivation was bribery and "discriminatory bias against female assault victims." (Doc. 50 at ¶ 248). But there are no additional facts to make this add-on plausible. Furthermore, Plaintiff has not alleged that she or other victims were treated differently than other similarly situated individuals or cases, including those involving predominantly male victims. Without pleading these essential elements, Plaintiff's equal protection claim is deficient and must be dismissed as a matter of law.

Furthermore, Plaintiff's substantive due process claim fails as a matter of law because there is no fundamental right of a victim to control the investigative process or demand prosecution of her abuser. Without deprivation of a fundamental right protected by due process, Plaintiff has no

standing to bring a substantive due process claim. The Supreme Court and the Sixth Circuit have both consistently held that individuals have no judicially cognizable interest in the prosecution or nonprosecution of another, and no constitutional right to an investigation. No exception to this general rule applies. None of the Defendants had a custodial relationship with the Plaintiff as to create a special duty to her, and the Second Amended Complaint alleges nothing that shows Defendants (much less Peters) did anything to create or enhance the danger to the Plaintiff specifically as opposed to the public at large. Additionally, the causal connection between Plaintiff's injury and the Defendants' conduct is purely speculative and therefore not fairly traceable to establish constitutional standing.

More broadly, Captain Peters is entitled to qualified immunity in his individual capacity on all federal claims against him, as there is no applicable precedent that would have alerted him that what he is accused of doing—pursuant to the non-conclusory allegations of the Second Amended Complaint—violated Plaintiff's clearly established federal rights in the context of this case.

In addition to the pleading deficiencies previously discussed (which applies to all claims), the state-law tort claims are legally deficient. Captain Peters has statutory immunity for any negligence under the GTLA; the fraudulent concealment claim fails as a matter of law because Defendants had no duty to disclose information to the Plaintiff concerning a pending criminal investigation; and the civil conspiracy claim is facially deficient because Plaintiff has not adequately alleged the existence of an underlying tort and it is barred by the intra-corporate conspiracy doctrine. As to intentional infliction of emotional distress, this claim does not mention Captain Peters at all, and the claim is barred nonetheless. However, in the event the Court is disinclined to summarily dismiss these state law claims for the deficiencies outlined above, the


Case 2:24-cv-00106-JRG-CRW Document 62 Filed 02/03/25 Page 4 of 7 PageID #: 1040

Court should decline to exercise supplemental jurisdiction over any remaining stat law claim following dismissal of the federal claims and other state law claims on the merits.

For the foregoing reasons, as more particularly explained in the memorandum of law filed contemporaneously herewith, the Plaintiff's Second Amended Complaint is fatally deficient for failure to state a claim upon which relief can be granted against Defendant Kevin Peters and is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

MOORE, RADER & YORK, P.C.

/s/André S. Greppin
DANIEL H. RADER III / BPR #002835
DANIEL H. RADER IV / BPR #025998
ANDRÉ S. GREPPIN / BPR #036706
Attorneys for Defendant Kevin Peters
46 North Jefferson Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-3311
Fax: (931) 526-3092
andre@moorerader.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Bob Dziewulski
Ashleigh Beer-Vineyard
DZ Law, PLLC
800 South Gay Street, Suite 2131
Knoxville, Tennessee 37929
Phone: (865) 259-0020
bobdz@dzlaw.com
ashleighbeer@dzlaw.com
*Attorneys for Plaintiff*

Reid A. Spaulding
Watson, Roach, Batson, Rowell & Lauderback PLC
1500 Riverview Tower
900 South Gay Street
Knoxville, Tennessee 37901
Phone: (865) 637-1700
rspaulding@watsonroach.com
*Attorney for Johnson City, Tennessee and Karl Turner*

Thomas J. Garland, Jr.
Milligan & Coleman
230 West Depot Street
Greeneville, Tennessee 37744
Phone: (423) 639-6811
tgarland@milligancoleman.com
*Attorney for Johnson City, Tennessee and Karl Turner*

Kristin Ellis Berexa
Benjamin Charles Allen
Farrar Bates Bereda
12 Cadillac Drive, Suite 480
Brentwood, Tennessee 37027
Phone (615) 254-9835
kberexa@fbb.law
ballen@fbb.law
*Attorneys for Toma Sparks*

Keith H. Grant
Laura Beth Rufolo

Philip Aaron Wells
Robinson Smith & Wells, PLLC
Republic Centre, Suite 700
633 Chestnut Street
Chattanooga, TN 37450
Phone: (423) 756-5051
kgrant@rswlaw.com
lrufolo@rswlaw.com
awells@rswlaw.com
*Attorneys for Justin Jenkins*

This the 3rd day of February, 2025.

MOORE, RADER & YORK, P.C.

/s/André S. Greppin
DANIEL H. RADER III / BPR #002835
DANIEL H. RADER IV / BPR #025998
ANDRÉ S. GREPPIN / BPR #036706