UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| MIKAYLA EVANS, | ] |
| Plaintiff, | ] |
| v. | ] No. 2:24-cv-00106-JRG-CRW |
| | ] JURY DEMAND |
| JOHNSON CITY, et al., | ] |
| Defendants. | ] |

## DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF MOTION TO STAY CASE

### I. OVERVIEW

All individual capacity defendants have filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that under the Second Amended Complaint ("Complaint") of Mikayla Evans ("Evans"), she lacks standing to assert her claims and/or she has failed to state a claim. As part of their motions to dismiss, the individual capacity defendants have asserted the defense of qualified immunity. Their motions to dismiss are very similar to the motions to dismiss that were filed as to the First Amended Complaint, and those earlier motions to dismiss (which were rendered moot by the filing of the Second Amended Complaint) had been fully briefed by the parties. The only difference between the defendants' dispositive motions as to the First Amended Complaint and the Second Amended Complaint is that Karl Turner, in his individual capacity, has now added an alternative motion for partial summary judgment as to any claims against him based on whether an alleged improper investigation into Sean Williams ("Williams") before Evans' fall on September 19, 2020 caused her fall. Turner asserts qualified immunity on the basis that there were two Williams' sexual assault investigations that pre-dated Evans' fall, and

1

Turner was not involved in those investigations as of the date of Evans' fall.

Johnson City, which includes the official capacity defendants, has also filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), asserting that Evans lacks standing and/or has failed to state a claim. In addition, Johnson City has moved for summary judgment under Rule 56, asserting that the statute of limitations has expired as to Evans' claims. Johnson City has supported that motion with texts between Evans and Kateri Dahl. Johnson City's alternative motion to dismiss and/or for summary judgment is almost identical to the earlier brief filed by the City as to the First Amended Complaint that had been fully briefed by the parties. [1]

## II. LAW

"[I]t is well established that '[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Hackworth v. Harriman Util. Bd.*, No. 3:21-CV-114-CLC-HBG, 2021 WL 3410043, at *3 (E.D.Tenn. 2021) (second alteration in original) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

---

[1] Current dispositive motions as to Second Amended Complaint:
*Doc. 55, PageID #: 805*, Alternative Motion to Dismiss and/or for Partial Summary Judgment on behalf of Karl Turner in his individual capacity; *Doc. 58, PageID #: 837*, Alternative Motion to Dismiss and/or for Summary Judgment on behalf of Johnson City (and the named defendants in their official capacities); *Doc. 62, PageID #: 1037*, Motion to Dismiss Kevin Peters in his individual capacity; *Doc. 64, PageID #: 1071*, Motion to Dismiss Brady Higgins and Jeff Legault in their individual capacities; *Doc. 66, PageID #: 1101*, Motion to Dismiss Justin Jenkins in his individual capacity; and *Doc. 67, PageID #: 1105*, Motion to Dismiss Toma Sparks in his individual capacity.

Prior dispositive motions as to First Amended Complaint:
*Doc. 13, PageID #: 118*, Motion to Dismiss Kevin Peters in his individual capacity; *Doc. 16, PageID #: 154*, Motion to Dismiss Justin Jenkins, Brady Higgins, and Jeff Legault in their individual capacities; *Doc. 19, PageID #: 184*, Motion to Dismiss Karl Turner in his individual capacity; *Doc. 21, PageID #: 207*, Alternative Motion to Dismiss and/or for Summary Judgment on behalf of Johnson City (and the named defendants in their official capacities); and *Doc. 24, PageID #: 402*, Motion to Dismiss Toma Sparks in his individual capacity.

Courts ruling on motions to stay must balance (1) "'the burden of proceeding with discovery upon the party from whom discovery is sought'" against (2) "'the hardship which would be worked by a denial of discovery.'" *Id.* (quoting *Williamson v. Recovery Ltd., P'ship*, No. 2:06-cv-292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010)).

While, as a general matter, "the mere filing of a dispositive motion is insufficient to justify a stay of discovery," such justification exists "where a case can be resolved based on legal determinations that could not be altered by further discovery." *Painter-Hart v. Sientra, Inc.*, No. 3:20-CV-418, 2021 WL 6327692, at *2 (E.D. Tenn. Mar. 19, 2021) (citing, *inter alia*, *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003)); *see also Styles v. Dep't of Veterans Affs.*, No. 2:16-CV-00001-JRG, 2017 WL 3000669, at *1 (E.D. Tenn. Mar. 6, 2017) (holding that stays of discovery "are favored" where (1) "a case can be resolved based on legal determinations that could not be altered by any further discovery"; (2) "it appears that the complaint will almost certainly be dismissed"; and/or (3) "further discovery . . . would not aid" a plaintiff in proving her claim (internal quotation marks omitted)).

Furthermore, with respect to the defense of qualified immunity, asserted by all individual defendants, the Sixth Circuit held:

> The Supreme Court requires that civil-rights actions brought under § 1983 play out in stages to shield government officials from the "burdens of litigation." *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). If the defendant files a motion to dismiss based on qualified immunity, the court must "stay discovery until that issue is decided." *Id.* at 299. If the defendant is denied qualified immunity on the motion to dismiss, then "the plaintiff ordinarily will be entitled to some discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

*In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020).

**III. ANALYSIS**

3

The defendants' motion to stay should be granted for the following reasons:

First, the dispositive motions are almost identical to the motions to dismiss filed as to the First Amended Complaint, and those motions had been fully briefed by the parties.

Second, all individual defendants have raised the defense of qualified immunity, and as quoted above, if a defendant raises the defense of qualified immunity in a motion to dismiss, then discovery must be stayed as to the qualified immunity issues until they are decided. *In re Flint Water Cases*, *supra*, at 826.

Third, all defendants have raised the issue of whether Evans has standing to assert the claims she is asserting.

Fourth, Johnson City has introduced text messages of Evans, proving that her lawsuit is barred by the statute of limitations.

Fifth, there is no harm to Evans by staying the case until these motions are ruled upon, but there is harm to the defendants in incurring unnecessary time and expense in participating in discovery that is not necessary to decide the pending dispositive motions.

And finally, sixth, although Evans' counsel indicated in the Rule 26(f) Report that they intend to oppose any Motion to Stay Discovery, it should be noted that when the essentially identical dispositive motions were previously filed, Evans' position was: "[h]aving reviewed the relevant case law, Plaintiff does not oppose Defendants motion to stay this case, including discovery, pending resolution of the dispositive motions." *See Doc. 41, PageID #: 566.*

## IV. CONCLUSION

For the reasons explained above, defendants respectfully request that this Honorable Court stay this case, including discovery, pending resolution of the dispositive motions.

4

Respectfully submitted,

*/s/ Thomas J. Garland, Jr.*
Thomas J. Garland, Jr., BPR # 011495
Milligan & Coleman PLLP
P. O. Box 1060
Greeneville, TN 37744-1060
(423) 639-6811
tgarland@milligancoleman.com


*/s/ Reid A. Spaulding*
Reid A. Spaulding, BPR # 023363
Watson, Roach, Batson & Lauderback, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
(865) 637-1700
rspaulding@watsonroach.com

Counsel for Johnson City, which includes all official capacity defendants, and Karl Turner, in his individual capacity


*/s/ Daniel H. Rader III*
DANIEL H. RADER III / BPR #002835
DANIEL H. RADER IV / BPR #025998
ANDRÉ S. GREPPIN / BPR #036706
MOORE, RADER & YORK, P.C.
46 North Jefferson Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-3311
Fax: (931) 526-3092
andre@moorerader.com

Counsel for Defendant Kevin Peters, in his individual capacity


*/s/ Kristin E. Berexa*
Kristin E. Berexa, BPR# 14833
Benjamin C. Allen, BPR #35923

5

Farrar| Bates| Berexa
12 Cadillac Drive, Suite 480
Brentwood, Tennessee 37027
(615) 254-3060
kberexa@fbb.law
ballen@fbb.law

Counsel for Toma Sparks, in his individual capacity

*/s/ Keith Grant*
Keith H. Grant, BPR# 023274
Laura Beth Rufolo, BPR# 015622
Philip Aaron Wells, BPR# 036248
ROBINSON, SMITH & WELLS, PLLC
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
Telephone: (423) 756-5051
Facsimile: (423) 266-0474

Counsel for Justin Jenkins, Brady Higgins, and Jeff Legault, in their individual capacities

6