# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | |
|---|---|
| MIKAYLA EVANS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No.: 2-24-cv-00106-JRG-CRW |
| ) | |
| v. ) | |
| ) | |
| JOHNSON CITY, a government entity, ) | **JURY TRIAL DEMANDED** |
| ) | |
| KARL TURNER, individually and in his official capacity as Chief of Johnson City Police Department, ) ) ) | |
| ) | |
| KEVIN PETERS, individually and in his official capacity as Captain of the Johnson City Police Department, ) ) ) | |
| ) | |
| TOMA SPARKS, individually and in his official capacity as Investigator of the Johnson City Police Department, ) ) ) | |
| ) | |
| JUSTIN JENKINS, individually and in his official capacity as Investigator of the Johnson City Police Department, ) ) ) | |
| ) | |
| JEFF LEGAULT, individually and in his official capacity as Investigator of the Johnson City Police Department, ) ) ) | |
| ) | |
| BRADY HIGGINS, individually and in his official capacity as Investigator of the Johnson City Police Department, and ) ) ) | |
| ) | |
| DOES 8-20, inclusive, ) | |
| ) | |
| *Defendants*. ) | |

# PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANTS' MOTION TO STAY CASE

Plaintiff Mikayla Evans ("Ms. Evans"), by and through her undersigned counsel, respectfully submits Plaintiff's Memorandum in Opposition of Defendants' Motion to Stay Case that was filed on February 7, 2025. Docket Entries 70-71, and will show this Honorable Court as follows:

## INTRODUCTION AND FACTS

Ms. Evans filed her Second Amended Complaint on January 20, 2025. Defendants filed their motions to dismiss and/or motions for summary judgment on February 3, 2025. In Defendant Johnson City and Defendant Karl Turner's memorandums in support of their motions to dismiss and/or motions for summary judgment, the Defendants raised multiple arguments including qualified immunity, statute of limitation expiration, lack of standing, and that Ms. Evans has failed to plead her claims. Docket Entries 55-69. Subsequently, all Defendants filed a Motion to Stay Case and a memorandum in support of the motion on February 7, 2025. Docket Entries 70-71.

## LEGAL STANDARD

"[T]he disposition of a motion to stay a proceeding is clearly a matter of discretion with the trial court . . . ." *Rachels v. Steele*, 633 S.W.2d 473, 475 (Tenn. Ct. App. 1981) (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)). Courts should stay a case when "a defendant raises qualified immunity in a motion to dismiss." *J. Cumby Constr., Inc. v. Knoxville Utils. Bd.*, No. 3:22-cv-202, 2024 U.S. Dist. LEXIS 217873, at *3 (E.D. Tenn. Feb. 8, 2024). However, "qualified immunity protects government officials from 'unnecessary and burdensome discovery or trial proceedings' only." *Waid v. Early (In re Flint Water Cases)*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 697-98 (1998).

Here, Defendants have raised the issue of qualified immunity and seek to stay the case pending resolution of the dispositive motions filed in response to Plaintiff's Second Amended Complaint. However, Ms. Evans seeks discovery that is necessary and not burdensome to Defendants. Most of the discovery sought by Ms. Evans has already been produced by Defendants in the subsequent *Jane Does 1-9 v. City of Johnson City, Tennessee, et al.*[1] case; therefore, to reproduce the same evidence in this case would not be burdensome. As demonstrated by Defendants, Karl Turner and Johnson City's motion for summary judgment which relies on text messages produced in the related *Dahl v. Turner, et al.*[2], Defendants already have the advantage of access to this discoverable evidence. Ms. Evans should be afforded the same opportunity to access and utilize this evidence in opposition to Defendants' dispositive motions.

## CONCLUSION

Based on the foregoing reasons, Ms. Evans respectfully requests this Honorable Court to deny Defendants' Motion to Stay Case.

Dated February 21, 2025            Respectfully submitted,

/s/Ashleigh Beer-Vineyard
Ashleigh Beer-Vineyard (BPR # 038399)
Bob Dziewulski (BPR # 037044)
Ashleigh Beer-Vineyard (BPR # 038399)
**DZ Law, PLLC**
4315 Kingston Pike, Ste. 210
Knoxville, TN 37919
(865) 259-0020
bobdz@dzlaw.co
ashleighbeer@dzlaw.co

*Attorneys for Plaintiff*

---

[1] Case No. 2:23-cv-00071-TRM-JEM (EDTN).
[2] Case No. 2:22-cv-00072-KAC-JEM (EDTN).

## CERTIFICATE OF SERVICE

I, Ashleigh Beer-Vineyard, hereby certify that on February 21, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed below:

Reid A. Spaulding
WATSON, ROACH, BATSON & LAUDERBACK, PLC
P.O. Box 131
Knoxville, TN 37901-0131
865-637-1700
rspaulding@watsonroach.com

Thomas J. Garland, Jr.
MILLIGAN & COLEMAN, PLLP
230 W. Depot Street
P.O. Box 1060
Greeneville, TN 37744
423-639-6811
tgarland@milligancoleman.com

*Attorneys for Johnson City and Karl Turner*


Kristin Ellis Berexa
Ben C. Allen
FARRAR & BATES
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
(615) 254-3060
kberexa@fbb.law
ballen@fbb.law

*Attorneys for Toma Sparks*

Daniel H. Rader III
Daniel H. Rader IV
André S. Greppin
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502-3347
(931) 526-3311
danrader@moorerader.com

4

danny@moorerader.com
andre@moorerader.com

*Attorneys for Kevin Peters*


Keith H. Grant
Laura Beth Rufolo
Philip Aaron Wells
ROBINSON, SMITH & WELLS, PLLC
Suite 700, Republic Centre 633
Chestnut Street
Chattanooga, TN 37450
423-756-5051
kgrant@rswlaw.com
lrufolo@rswlaw.com
awells@rswlaw.com


*Attorneys for Justin Jenkins, Brady Higgins, and Jeff Legault*

                                           */s/Ashleigh Beer-Vineyard*
                                           Ashleigh Beer-Vineyard (BPR # 038399)