**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE DIVISION**

| | | |
|---|---|---|
| MIKAYLA EVANS,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHNSON CITY, a government entity,<br><br>KARL TURNER, individually and in his official capacity as Chief of Johnson City Police Department,<br><br>KEVIN PETERS, individually and in his official capacity as Captain of the Johnson City Police Department,<br><br>TOMA SPARKS, individually and in his official capacity as Investigator of the Johnson City Police Department,<br><br>JUSTIN JENKINS, individually and in his official capacity as Investigator of the Johnson City Police Department,<br><br>JEFF LEGAULT, individually and in his official capacity as Investigator of the Johnson City Police Department,<br><br>BRADY HIGGINS, individually and in his official capacity as Investigator of the Johnson City Police Department, and<br><br>DOES 8-20, inclusive,<br><br>*Defendants*. | ) | Case No.: 2:24-cv-00106<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S RESPONSE TO JOHNSON CITY'S STATEMENT OF UNDISPUTED FACTS

COME NOW Plaintiff, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and file their response to the Defendant Turner's Statement of Undisputed Facts in Support of its Motion for Partial Summary Judgment, stating as follows:

FRCP 56(c)(1) provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only, admissions, interrogatory answers, or other materials, or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FRCP 56(c)(1)

Rule 56(c)(2) provides that a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Rule 56(c)(4) provides that an affidavit, or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated. Rule 56(d) provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

## RESPONSE TO CITY'S STATEMENT OF UNDISPUTED FACTS

1. On September 19, 2020, Mikayla Evans ("Evans") fell out of a window of a condominium owned by Sean Williams ("Williams"). Doc. 50, PageID ##: 737-738 at ¶¶ 29 and 37.

**RESPONSE:** Admitted.

2. On June 23, 2022, Kateri Dahl ("Dahl") filed her lawsuit against Johnson City and Karl Turner ("Turner"). *See Exhibit 1 to Johnson City's Alternative Motion to Dismiss and/or for Summary Judgment.*

**RESPONSE:** Admitted.

3. Before and after Dahl filed her lawsuit, Evans exchanged many text messages with Dahl regarding Williams and Johnson City's investigation of both Williams and Evans' fall. *See Declaration of Tom Garland, Jr., at Exhibit A.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.[1]

4. On June 21, 2023, Jane Does 1-9 filed suit against Johnson City, Turner, Kevin Peters, Toma Sparks, and Doe officers 5-10 for allegedly discriminating against female victims of Williams. *See Exhibit 2 to Johnson City's Alternative Motion to Dismiss and/or for Summary Judgment.*

**RESPONSE:** Admitted.

5. Counsel for Jane Does 1-9 included Vanessa Baehr-Jones, whose law firm is located in Oakland, California. *See Exhibit 2 at the very last page.*

**RESPONSE:** Admitted.

---

[1] Plaintiff hereby adopt and incorporate their objection found in Plaintiff's Response in Opposition to City's Motion for Summary Judgment as if stated fully herein.

6. The lawsuit filed by Jane Does 1-9 on June 21, 2023 alleged that on or about June 23, 2022, when Dahl filed her lawsuit, these female plaintiffs learned of the unlawful treatment of complaints against Williams by members of the Johnson City Police Department ("JCPD"). *See Exhibit 2, on the second page of the Does' Complaint in the first full paragraph.*

**RESPONSE:** Admitted.

7. February 9, 2022, texts Evans tells Dahl that she has been told to sue JCPD; and she makes the statement that "they tanked the crap out of my case so he could get away with another crime. *See Garland Decl., at Exhibit A, Dahl-Evans texts at pages 30-31.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

8. April 19, 2022 texts

Dahl: Dude did you see how that chick who was suing the Sheriff near Chattanooga turned up dead??? I saw the headline and was like this makes me uncomfortable lol …

Evans: That's why I won't or haven't tried to sue the city. Esp yet and I have already told everyone if I die it wasn't natural or an accident even you. *See Garland Decl., at Exhibit A, Dahl-Evans texts at page 31.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

9. April 19, 2022 texts

Evans: [NAME REDACTED] just hit back.

Dahl: OH SHIT

What did she say?!??

Evans: She acts like she don't know but I told my story so let's see where it gets me

I don't want to mention I think the cops let him get away but he'll (sic) they did like 4 or 5 times on my case alone.

*See Garland Decl., at Exhibit A, Dahl-Evans texts at page 50.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

10. May 5, 2022 texts

Evans: JCPD and FBI are going to let [Sean Williams] get away too

Dahl: Well one thing at a time. Worst case scenario- if he DOES flee, then we are about to embarrass the fuck out of JCPD, even more so than before …

*See Garland Decl., at Exhibit A, Dahl-Evans texts at page 54.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

11. June 7, 2022 texts

Evans: Did you get everything moved to your parents any word on your case

*See Garland Decl., at Exhibit A, Dahl-Evans texts at page 60.*

**RESPONSE:** Admitted.

12. July 1-2, 2022 texts

Evans telling Dahl that she has two more Jane Does willing to come forward – so a total of 13-14 Jane Does.

*See Garland Decl., at Exhibit A, Dahl-Evans texts at page 62.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

13. July 4 and 9, 2022 texts

Dahl asks Evans whether she has contacted Vanessa. And Evans asks her whether it would be better for her to fight it as a group or individual.

*See Garland Decl., at Exhibit A, Dahl-Evans texts at pages 65-66.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

14. July 9, 2022 texts

Evans: [Evans sends meme to Dahl that says: Sean Williams DoorDashes JCPD $2,000 Worth of Krispy Kreme as a Token of Gratitude]

*See Garland Decl., at Exhibit A, Dahl-Evans texts at page 67.*

**RESPONSE:** Admitted.

15. July 16, 2022 texts

Evans: [She screenshots text messages to Dahl that state in part]

Seems that way and Chief Turner stated he'd only seen one true rape in his 20 years why because you turned the other way

Like wow I'm so pissed off for all of you women because it's not just one or two people doing this this is multiple people

…

Evans: This isn't about Sean but this is about the Johnson City Police Department maybe you want to pass this along to somebody also I know it may not help our cases but this would be a doj issue to get somebody to come in and investigate them because it's obvious that no matter who's in that office rape is not an issue

*See Garland Decl., at Exhibit A, Dahl-Evans texts at pages 75-76.*

**RESPONSE:** Admitted.

16. July 21, 2022 texts

Evans: Hey girl hope everything is good your way! Are we not allow (sic) to talk to you if we sign with Vanessa

Dahl: Hey! Yeah unfortunately that's true, but that's gonna be the case whether you sign up with Vanessa or not. My lawyers have told me that I can't have contact with any of the witnesses anymore so I've gotta follow their advice. It sucks [face emoji]

*See Garland Decl., at Exhibit A, Dahl-Evans texts at pages 76-77.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

17. August 26, 2022 texts

Evans: Read wjhl if you don't already know

Dahl: I just saw… Oh boy [and appears to provide link to either article or Answer]

Evans: That's gonna be a he'll (sic) of a fight

Dahl: The truth will prevail. [Emoji]

*See Garland Decl., at Exhibit A, Dahl-Evans texts at pages 76-77.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

18. August 28, 2022 text

Evans: How about that answer of the defendant?

*See Garland Decl., at Exhibit A, Dahl-Evans texts at page 77.*

**RESPONSE:** Admitted.

19. September 17, 2022 texts

Evans: My lawyer said if you ever come back to TN and want to come to Kingsport she would Gove (sic) you free office space [face emojis]

…

Evans: She said if you ever wanna come this way and give them the middle finger her [door] is always open

*Id.*

**RESPONSE:** Admitted.

20. October 27, 2022 texts

Evans: You know if my lawyer contacted yours for a phone conference

Dahl: I haven't heard anything, what's up? Evans: I guess she has questions idk

*Id.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

21. November 2, 2022 texts

Dahl: What's your attorney's name, btw?

Evans: Julie canter I think we can all help each other. Don't guess the CA lawyers wanted part or if they have done what they needed to find tn lawyers to help

*See Garland Decl., at Exhibit A, Dahl-Evans texts at page 78.*

**RESPONSE:** Pursuant to FRCP 56(c)(1), Plaintiff objects to City's evidentiary materials offered in support of his Motion for Partial Summary Judgment. The City has failed to establish the absence of a genuine dispute as to Plaintiff's claims because its evidentiary materials are inadmissible.

22. On June 20, 2024, Evans filed this lawsuit. Doc. 1, PageID #: 1.

**RESPONSE:** Admitted.

DATED: March 3, 2025

Respectfully submitted,

<u>*/s/Ashleigh Beer-Vineyard*</u>
Bob Dziewulski (BPR # 037044)
Ashleigh Beer-Vineyard (BPR # 038399)
DZ Law, PLLC
4315 Kingston Pike Ste. 210
Knoxville, TN 37919
(865) 259-0020
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Ashleigh Beer-Vineyard, hereby certify that on March 3rd, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed below:

Reid A. Spaulding
WATSON, ROACH, BATSON & LAUDERBACK, PLC
P.O. Box 131
Knoxville, TN 37901-0131
865-637-1700
rspaulding@watsonroach.com

Thomas J. Garland, Jr.
MILLIGAN & COLEMAN, PLLP
230 W. Depot Street
P.O. Box 1060
Greeneville, TN 37744
423-639-6811
tgarland@milligancoleman.com

*Attorneys for Johnson City and Karl Turner*

Kristin Ellis Berexa
Ben C. Allen
FARRAR & BATES
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
(615) 254-3060
kberexa@fbb.law
ballen@fbb.law

*Attorneys for Toma Sparks*

Daniel H. Rader III
Daniel H. Rader IV
André S. Greppin
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502-3347
(931) 526-3311
danrader@moorerader.com
danny@moorerader.com

andre@moorerader.com

*Attorneys for Kevin Peters*

Keith H. Grant
Laura Beth Rufolo
Philip Aaron Wells
ROBINSON, SMITH & WELLS, PLLC
Suite 700, Republic Centre 633
Chestnut Street
Chattanooga, TN 37450
423-756-5051
kgrant@rswlaw.com
lrufolo@rswlaw.com
awells@rswlaw.com

*Attorneys for Justin Jenkins, Brady Higgins, and Jeff Legault*