UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MIKAYLA EVANS                          )
                                       )
        Plaintiff.                     )
                                       )
v.                                     )          No. 2:24-CV-106-JRG-CRW
                                       )
JOHNSON CITY, government entity, *et al*.,   )
        Defendants.                    )

## **ORDER**

This matter is before the Court on Plaintiff's requests that the Court allow further discovery under Rule 56(d) before ruling on the Defendants' Summary Judgment Motions. [Response in Opposition, Doc. 154, at 25, Declaration, Doc. 138-1, Declaration, Doc. 139-1, Affidavit, Doc. 142, & Affidavit, Doc. 143-1]. The Court has reviewed Plaintiff's argument in support of these requests, as well as Defendants' arguments in opposition [Defendants' Replies, Docs. 158 at 7-8, 159 at 6, 161 at 9, & 162 at 4-7]. It is prepared to rule on Plaintiff's 56(d) request.

A court enjoys broad discretion when deciding whether to defer ruling on a summary judgment motion under Rule 56(d). Appellate courts review these decisions for abuse of discretion and look to factors set out in *Plott v. Gen. Motors Corp*. These factors are as follows:

1.  When the appellant learned of the issue that is the subject of desired discovery,

2.  Whether the desired discovery would have changed the District Court's ruling on
    Summary Judgment,

3.  How long the discovery period lasted,

4.  Whether appellant was dilatory in discovery efforts, and

5.  Whether Appellee was responsive to discovery requests.

*Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190 (6th Cir. 1995).

Before addressing whether the party not moving for summary judgment had an adequate opportunity to conduct discovery, the nonmovant must file an affidavit or declaration that complies with Rule 56(d). *Unan v. Lyon*, 853 F.3d 279, 292-93 (6th Cir. 2017). The request must be made with "some precision" and must state "the materials he hopes to obtain with further discovery and exactly how he expects those materials would help him in opposing summary judgment." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Although nonmovants are normally obligated to inform the Court of their discovery needs by filing an affidavit under Rule 56(d), such formal procedures "'may not be required' when a party has clearly explained its need for discovery prior to or contemporaneously with the motion for summary judgment." *Unan*, 853 F.3d 279.

The Sixth Circuit has recognized other circuits' view that "a motion requesting time for additional discovery should be granted almost as a matter of course unless the nonmoving party has not diligently pursued discovery of the evidence." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019). Further, there is a "strong presumption" in favor of permitting discovery before ruling on a summary judgment motion, "a district court does not abuse its discretion by denying a Rule 56(d) motion that is supported by mere 'general and conclusory statements' or that fails to include any 'details or specificity'." *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022).

Here, Plaintiff's attorney, Ms. Ashleigh Beer-Vineyard, filed several Rule 56(d) affidavits and declarations as well as articulated this request in a Response in Opposition [Response in Opposition, Doc. 154, at 25, Declaration, Doc. 138-1, Declaration, Doc. 139-1, Affidavit, Doc. 142, & Affidavit, Doc. 143-1]. She describes what discovery would be pursued and how that discovery would allow her to better respond to the motions for summary judgment.

[Declaration, Doc. 139-1]. She further provides that she has acted diligently in pursuing her claims, but that discovery had not commenced due to the early stage of litigation and pending motions. [*Id*. at 5]. Defendants argue that Plaintiff had ample opportunity to conduct discovery and that the discovery sought is unnecessary and without impact to the pending dispositive motions. [Replies, Docs. 146, 150, 158 at 7-8, & 162 at 4-7].

Considering the "strong presumption" in favor of permitting discovery before ruling on summary judgment, and the Sixth Circuit's view that "a motion requesting time for additional discovery should be granted almost as a matter of course unless the nonmoving party has not diligently pursued discovery of the evidence", the Court believes that more time for discovery under Rule 56(d) is appropriate. Defendants argue that plaintiff did not diligently pursue discovery, but Plaintiff points to the heavy dispositive motion practice throughout the course of this litigation as a roadblock to conducting discovery. [Replies, Docs. 146, 150, 158 at 7-8, 162 at 4-7, & Docs. 138 & 139-1.]

The Court agrees that heavy dispositive motion practice could have delayed or prevented the pursuit of discovery. This litigation has no shortage of filings. A scheduling order was entered on January 29, 2025, noting that the discovery cutoff was September 30, 2025 [Doc. 54]. Soon thereafter, on February 3 & 7, 2025, Defendants filed several dispositive motions [Docs. 62, 64, 66, 67 & 70]. Briefing on these motions continued through March 17, 2025 [Docs. 72, 76, 77, 78, 80, 81, 82, 84, 85, 90, 91, 92, & 93]. On March 20, 2025, Plaintiff filed her Motion to File the Third Amended Complaint [Doc. 94] and a Motion to Take Judicial Notice in support of that motion on April 4, 2025 [Doc. 102]. Briefing on these motions continued through April 18, 2025 [Docs. 103-106]. Her Motion was granted on May 7, 2025 [Doc. 108].

Defendants filed an Objection to the Magistrate Judge's Order on May 21, 2025 [Doc. 110], and briefing was completed on this issue on June 10, 2025 [Docs. 113, 114]. The Court ruled on this Objection on June 26, 2025 [Doc. 115]. In light of this ruling, Plaintiff's operative Third Amended Complaint was filed on July 3, 2025 [Doc. 119]. On July 24, 2025, Defendants filed several dispositive motions [Docs. 120, 122, 125, 128, & 131.] Briefing on these motions was completed on August 21, 2025 [Docs. 134 – 146]. This allowed 40 days until the close of discovery, and only around 90 days between the filing of the operative complaint until the close of discovery.

It is conceivable that the timeline of this litigation could have placed constraints on the pursuit of discovery. Therefore, the Court **GRANTS** Plaintiff's Rule 56(d) Request. Defendants' following Motions for Summary Judgment are **DISMISSED WITHOUT PREJUDICE** to re-file at the conclusion of discovery:

<u>Doc. 55</u> – Motion to Dismiss and/or for Partial Summary Judgment

<u>Doc. 58</u> – Motion to Dismiss and/or for Summary Judgment

<u>Doc. 120</u> – Motion to Dismiss for Failure to State a Claim and/or Summary Judgment

<u>Doc. 122</u> – Motion to Dismiss for Failure to State a Claim and/or Summary Judgment

<u>Doc. 125</u> – Motion to Dismiss and/or for Summary Judgment

<u>Doc. 128</u> – Motion to Dismiss and/or for Summary Judgment

<u>Doc. 131</u> – Motion to Dismiss and/or in the Alternative for Summary Judgment

Further, the Court will hold an in-person scheduling conference on **<u>April 6, 2026 at 9:00 AM</u>**. Parties must bring their calendars in order to facilitate scheduling. Additionally,

parties are **ORDERED** to file a joint discovery plan **48 hours or more** before the scheduling conference.

So Ordered.

ENTER:

s/ J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
