UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MIKAYLA EVANS,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON CITY, TENNESSEE, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:24-CV-00106-JRG-CRW |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Mikayla Evan's motion for leave to file a fourth amended complaint. [Doc. 262]. In the motion, Plaintiff states that "Plaintiff has concluded that the evidence does not significantly support certain claims and allegations and she seeks to withdraw them." [*Id.* ⁋ 2]. More specifically, the proposed fourth amended complaint ("FAC") (1) dismisses Defendant Jeff Legault as a party and omits Counts II and V against him; (2) dismisses Defendant Kevin Peters from Count V (but leaves all other claims against Peters unchanged); (3) deletes all allegations that "Defendants Turner, Peters or Legault solicited, accepted, or received bribes, payments, or other things of value from [Sean] Williams or his associates" (paragraphs 17, 25, 85, 327 and 339 of the Third Amended Complaint ("TAC")), and (4) removes paragraph 143 of the TAC. [*Id.* ⁋ 4]. Plaintiff requests that the withdrawn claims against Legault and Peters be dismissed with prejudice, [*id.* at 6], and requests the Court to require the remaining defendants to answer or otherwise respond to the FAC within 14 days of the Court's order.

Defendants Turner and Johnson City respond to the motion by consenting to it but request that the Court's order provide that no defendant be required to answer the FAC as to any count

already dismissed as to that defendant. [Doc. 272].[1] Defendants Legault and Jenkins also consent to the filing of the FAC. [Doc. 291]. Jenkins makes the same request with respect to previously dismissed counts. Defendant Sparks opposes the motion because, he claims, it "will cause undue prejudice to Sparks," primarily, as the Court understands the response, because "Sparks should not be forced to Answer a Fourth Amended Complaint and then revise his motion for summary judgment." [Doc. 292]. Peters opposes the motion, [Doc. 273], finding the FAC to be "problematic for several reasons [:]" (1) it reasserts previously dismissed causes of action, (2) it still asserts claims of bribery against Sparks and Jenkins, which are then used by Plaintiff as a basis for the civil conspiracy claim against Peters, (3) the amendment comes a year and a half after the deadline for amended pleadings, and (4) the Court should dismiss the claims against Peters on summary judgment. [*Id*. at 1–2].

For the reasons which follow, the motion to amend will be **GRANTED** with certain limitations.

## I. Standard For Amending Complaints

The standard for granting leave to file an amended complaint was previously set forth by the Court in its order overruling Defendants' objection to Magistrate Judge Wyrick's order granting a motion for leave to file a third amended complaint. [Doc. 115]. A more expansive review of the applicable law is set forth in the Magistrate Judge's order. [Doc. 108].

Rule 15(a)(2) provides that courts should "freely" grant a motion for leave to amend a complaint. Fed. R. Civ. P. 15(a)(2). The standard is a liberal one. *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004). Even so, an amended complaint is not appropriate when it is brought in bad faith, evidences undue delay, demonstrates a repeated failure to cure deficiencies by

[1] Those counts are Count 1, Governmental Tort Liability Act claims; Count III-fraudulent concealment; and Count VI-intentional infliction of emotional distress.

amendments previously allowed, or when the amendment would cause undue prejudice to the opposing party or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Wedding v. Madisonville Health & Rehab., LLC*, No. 25-6050, 2026 WL 2970294, at *3 (6th Cir. Oct. 2, 2026) (reaffirming the viability of these standards).

## II. Analysis

As noted above, Sparks and Peters oppose the motion and Johnson City, Turner, Legault and Jenkins consent to the filing of the FAC, seeking limitations common to the objections made by Peters and Sparks. The Court, therefore, will concentrate on the opposition of Peters and Sparks. [Docs. 273 & 292].

Peters, as set forth above, raises five general objections to the motion. First, Peters notes that the FAC "includes multiple causes of action that have already been dismissed, and may be read to re-allege them, requiring they be again answered or further expensive pleading or motion practice." [Doc. 273 at 3–4]. Peters speculates about Plaintiff's reason for not removing these previously dismissed claims, and argues that, in the event the Court allows an amendment to the complaint, it should require Plaintiff to delete references to these dismissed claims. [*Id.*]. Defendant Sparks, who adopts the Peters response, similarly argues that allowing Plaintiff to re-allege Count V, the equal protection claim against Sparks which was dismissed by the Court's prior order, [Doc. 153], would cause undue prejudice to Sparks, [Doc. 292 at 1–2].

Plaintiff offers no rationale for re-alleging these previously dismissed claims and none is readily apparent to the Court, unless Plaintiff is simply being cautious lest she somehow waive her ability to later test the Court's prior adverse ruling on appeal. In any event, the Court will impose limitations that will minimize further expensive filings by Defendants and prevent undue prejudice

to Defendants. In short, the Court, while it may permit Plaintiff to re-allege these causes of action, will not permit re-litigation of the previously dismissed claims.

Second, Peters argues that "[t]he proposed deletions of the bribery allegations is not sufficient, where plaintiff still attempts to pursue a specious conspiracy claim based on those same allegations." [Doc. 273 at 4]. Referring to Plaintiff's proposed amendment as a "shell game," Peters sees it as disingenuous on Plaintiff's part to drop all bribery allegations against Peters while continuing to allege that Peters was part of a civil conspiracy based on alleged bribery of Sparks and Jenkins. As Peters sees it, "plaintiff still seeks to hold Peters liable for bribery, just the bribery of other officers." [*Id*. at 5]. Peters cites Plaintiff's deposition testimony that she has no evidence of any kind of a conspiracy involving Peters. The Court, says Peters, should not allow a "pleading containing an allegation [Plaintiff] has affirmatively testified she has no basis to make." As a result, Peters argues such amendment would be futile. [*Id*.].

It is important to note that the proposed amendment does not add any new parties, claims or theories in the case and the argument raised by Peters is best resolved by his pending motion for summary judgment. An amendment that adds no new claims is not futile at this stage of this litigation. Furthermore, the Court sees nothing contradictory about a conspiracy claim that Peters entered a conspiracy to solicit, accept or receive bribes, even though he did not personally solicit, accept or receive bribes.

Third, Peters argues that "[a]n Amendment is not the *best* way to effectuate the dismissals in this procedural posture." [Doc. 273 at 6 (emphasis added)]. Peters correctly notes that the dismissal of parties can be accomplished under Rule 21 of the Federal Rules of Civil Procedure, and an amendment is not required. He also correctly notes an amendment is not required to dismiss claims against Peters, but the dismissal could be accomplished by a motion pursuant to Federal

Rule of Civil Procedure 41(b). Peters is correct these rules could be appropriate vehicles through which to make these dismissals, but to the extent he suggests they are the only way to do so, he is incorrect, and he cites no caselaw or rule to that effect. The fact that use of Rule 21 and/or Rule 41(b) may be the best ways to accomplish Plaintiff's purposes is of little consequence here.

Next, Peters argues that the deadline for amended pleadings has long since passed. [*Id.* at 8]. That is true enough. The time for Plaintiff to amend pleadings without leave of court has long ago passed. However, Plaintiff does not claim to have a right to file the amendment but seeks leave of court to do so and Plaintiff seeks leave to amend shortly after the conclusion of Phase I discovery. Plaintiffs should be encouraged to dismiss parties and claims when discovery reveals the claims cannot be proven, even if they do not use the best way available to them.

**III. Conclusion**

Given that leave should be freely given, that Plaintiff seeks only to narrow her claims and does not seek to add new parties or claims, and that there is no showing of bad faith, no evidence of undue delay, no repeated failures to cure deficiencies by amendment previously allowed, and no undue prejudice to any party not avoided by the Court's order, the motion to file the FAC is **GRANTED**, subject to the following limitations:

1). Plaintiff shall immediately file her FAC as the operative complaint in the case;

2). All claims against Defendant Jeff Legault are **DISMISSED WITH FULL PREJUDICE**;

3). The claims set forth in Count V against Defendant Kevin Peters are **DISMISSED WITH FULL PREJUDICE**;

4). All allegations of the Third Amended Complaint that Defendants Turner, Peters, and/or Legault "solicited, accepted or received, payments, or other things of value from [Sean] Williams

or his associates" are **STRICKEN** from the Third Amended Complaint and are **DISMISSED WITH FULL PREJUDICE**;

5). Paragraph 143 is **STRICKEN** from the Third Amended Complaint;

6). All allegations against John Does 8-20 are **DISMISSED WITH FULL PREJUDICE**; and

7). Since the FAC adds no new claims, parties, or theories, the previously filed answers and motions for summary judgment with respect to the TAC shall be deemed by the Court to have been filed with respect to the FAC and no defendant shall be required to further answer or otherwise respond to the FAC.[2]

So ordered.

ENTER:

s/J. RONNIE GREER

UNITED STATES DISTRICT JUDGE

[2] If Plaintiff objects to any of these limitations, she must file a written objection with the Court within ten days of the filing of this Memorandum Opinion and Order.